STATE AUTO INSURANCE
COMPANIES, Plaintiff–
Appellant,

v.

HARRISON COUNTY COMMERCIAL
LOT, L.L.C.; H. Gordon Myrick, In-
corporated; H. Gordon Myrick, Jr.,
Individually; Shoemake Painting Ser-
vices, Incorporated, Defendants–Ap-
pellees.

No. 13–60001
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 2013.

Brian A. Hinton, Anderson, Crawley &
Burke, P.L.L.C., Ridgeland, MS, for Plain-
tiff–Appellant.

Stephen Giles Peresich, Randi Peresich
Mueller, Esq., Page, Mannino, Peresich &
McDermott, P.L.L.C., Biloxi, MS, Johanna
Malbrough McMullan, Esq., Jackson, MS,
Paul J. Delcambre, Jr., Jonathan Paul
Dyal, Esq., Balch & Bingham, L.L.P., Wal-
ter William Dukes, Sr., Esq., Dukes,
Dukes, Keating & Faneca, P.A., Gulfport,
MS, for Defendants–Appellees.

Before SMITH, PRADO, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

State Auto Insurance Companies ("State
Auto") appeals the denial of summary

judgment in its declaratory-judgment ac-
tion. Because H. Gordon Myrick, Incorpo-
rated ("HGM"), is entitled to coverage un-
der the policy purchased by Shoemake
Painting Services, Incorporated ("Shoe-
make"), we affirm.

I.

Harrison County Commercial Lot,
L.L.C. ("HCCL"), hired HGM and H. Gor-
don Myrick, Jr., as general contractor for
a planned office building and hired Shoe-
make as a sub-contractor. HCCL sued
HGM and Myrick in state court, alleging a
variety of claims—including deficiencies in
the building's drywall that HGM attrib-
uted to Shoemake's negligence.

Pursuant to its agreement with HGM,
Shoemake purchased a policy providing
commercial general liability coverage but
excluding " 'property damage' to 'your
work.' " An endorsement added HGM as
"an additional insured only with respect to
liability for 'bodily injury', 'property dam-
age' or 'personal and advertising injury'
caused, in whole or in party, by . . . [y]our
acts or omissions. . . ."

State Auto sought a declaratory judg-
ment that it was not required to provide
coverage or defend HGM in the state court
action. The district court denied summary
judgment to State Auto and found that
"the endorsement for additional insureds
modified the original policy to create cov-
erage for [HGM] for any liability resulting
from Shoemake's work." On State Auto's
unopposed motion, the court entered final
judgment pursuant to Federal Rule of Civ-
il Procedure 54(b) and dismissed State
Auto's claims.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## II.

We review a summary judgment *de novo*, "using the same standard as that employed by the district court under Rule 56." *Kerstetter v. Pac. Scientific Co.*, 210 F.3d 431, 435 (5th Cir.2000). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir.2012), *petition for cert. filed* (June 11, 2013) (No. 12–1437).

## III.

Mississippi law governs this diversity action. "The interpretation of an insurance policy is a question of law, not one of fact." *Noxubee Cnty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So.2d 1159, 1165 (Miss. 2004). Where "the provisions of [a] policy ... are plain and unambiguous, [ ] they should be construed as written." *Paul Revere Life Ins. Co. v. Prince*, 375 So.2d 417, 419 (Miss.1979). "The initial question of whether [a] contract is ambiguous is a matter of law." *Lamb Const. Co. v. Town of Renova*, 573 So.2d 1378, 1383 (Miss. 1990).

"If a court determines that ambiguity inheres in the policy language," Mississippi law "requires the court to construe ambiguous terms in favor of the policyholder."[1] "Ambiguity arises when a term or provision is susceptible to more than one rea-sonable meaning, but can also result from 'internal conflict' between policy provisions that renders uncertain the meaning of the policy as a whole."[2]

## IV.

State Auto contends that the policy's denial of coverage to primary insured Shoemake for " 'property damage' to 'your work' " precludes HGM, as additional insured, from receiving coverage based on Shoemake's negligence. HGM claims coverage based on the endorsement, which "modifies" the policy, adds HGM as additional insured, and expressly provides coverage for " 'property damage' ... caused ... by ... [y]our"—that is, Shoemake's[3] —"acts or omissions...."

State Auto observes that an additional insured *generally* stands in shoes no larger than those worn by the primary policy-holder.[4] In this case, however, the endorsement extends to HGM—coverage for property damage caused by Shoemake's acts—what the policy denies to Shoemake. Considering the relevant provisions together, we find ambiguity arising from internal conflict, so we construe the ambiguous terms in favor of coverage. *See Leonard*, 499 F.3d at 429.

The judgment is AFFIRMED.

1. *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 429 (5th Cir.2007) (citing *J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So.2d 550, 552 (Miss.1998)).

2. *Id.* (citing *Miss. Farm Bureau Mut. Ins. Co. v. Walters*, 908 So.2d 765, 769 (Miss.2005)).

3. The policy provides that "you" and "your" refer to Shoemake, and nothing in the endorsement modifies that definition. We thus conclude that "[y]our acts," as described in the endorsement, denotes Shoemake only.

*See Nat'l Union Fire Ins. Co. v. Liberty Mut. Ins. Co.*, 234 Fed.Appx. 190, 193 (5th Cir. 2007) ("tak[ing] as a given that 'you' " refers only to the primary insured).

4. *See, e.g., Mass. Tpk. Auth. v. Perini Corp.*, 349 Mass. 448, 208 N.E.2d 807, 813 (1965) ("The naming of additional insureds does not extend the nature of the substantive coverage originally given by the policy but merely gives to other persons the same protection afforded to the principal insured.").